Judge Owsley
delivered the opinion of the court.
On the 27th May, 1809, the following writing was entered into between Joseph H. Davies and Richard Graham, atto. in fact for Alexander Henderson and Richard Brent, trustees to the estate of Richard Graham dec’d. viz:
Richard Graham agent for the trustees of his father, late deceased, sells to J. H. Davies, one thousand acres of land on the Little Sandy at the green brier trace, to be taken out of the uppermost survey of 2000 acres laid off by Robert Pogue, for the representatives of W Graham, dec’d. in manner following, beginning at the fording at the green brier trace, then due south one hundred and fifty poles, and thro’ that point drawing a line eastwardly and westwardly parallel to the upper line of the 2000, till it strikes the two side lines of said 2000, thence down with the said two side lines to such a point below, the mouth of the gimblet fork, *541 as will make the complement of one thousand acres. Davies binds himself to pay seven hundred and fifty dollars for the above, one third to be paid in September at Washington, in Mason, one third this day twelve months, and the remaining third this day two years. Deed with special warranty to be made, such as is authorised by the trustees, to said Graham when all the payments are made.
JOSEPH HAMILTON DAVIES, [l. s.]
27th May, 1809.
Richard Graham, [l. s.]
Atto. in fact for Alexander Henderson, and R. Brent, trustees to the estate of Richard Graham dec’d.
In 1815, the trustees commenced their action of covenant, upon this writing against John Rowan, the executor of Davies, for the purpose of recovering damages for the non-payment of the price stipulated by Davies to be paid for the land.
The executor craved over of the writing, and pleaded, that the plaintiffs their action, ought not to have, and maintain, because he saith, that the consideration moved and held out by the plaintiffs to his said testator, to induce the said testator to enter into the covenant on his part, was deceitful, and hath wholly failed in this, that the said plaintiff at the time of entering into the covenant to convey the land therein mentioned to said testator, had no title to said land, nor had they, the said plaintiffs any right or authority to sell or convey the same, neither have the said plaintiff’s now any right or title to the said land, so covenanted on their part to be conveyed, and this he is ready to verify, &c.
To this plea the plaintiffs demurred, and the demurrer being joined, judgment thereon was rendered by the court in favor of the plaintiffs; and the defendant failing to answer further, a writ of inquiry was awarded, & eleven hundred and twenty dollars damages assessed by the jury, and judgment thereon rendered by the court against the executor, &c.
At a subsequent day of the term the defendant moved the court to set aside the judgment, and dismiss the suit on the ground of the plaintiffs, who were non residents, having failed to give security for costs; but his motion was overruled.
From the judgment rendered against the executor, he has appealed to this court, and has assigned for error.
On a breach of a covenant entered into with an ag’t. who so styles himself, action may be maintain’d in the name of the principal.
If a bond be given to one but the payment to be made to a stranger, on failure to pay obligee & not the stranger is to sue.
1. That the declaration is insufficient.
2. That the court erred in sustaining the demurrer to the plea of the defendant in that court.
3. That the court erred in refusing to dismiss the suit.
If an action can be sustained in the name of the trustees upon the writing declared on, it is quite obvious the declaration must be sustained. It contains in apt form, every allegation necessary to show a breach of the stipulations on the part of Davies; and is liable to no plausible objection, unless the action should have been brought in the name of the agent, with whom Davies entered into the agreement.
We think, however, the action may be sustained in the name of the trustees. It is evident, from the whole tenor of the writing, that the contract was made by Graham in virtue of an authority from the trustees. In the commencement of the writing, the sale is alledged to be made by Graham, agent for the trustees, and in the close, he appears to have undertaken to make such a deed as the trustees authorised. He must, therefore, be viewed as having acted under an authority from the trustees, and as such, we apprehend, the stipulation of Davies to pay, ought to be construed, an undertaking to pay the trustees: for, having covenanted to pay the price for the land, without saying to whom, it must be supposed, the payment was intended to be made to those for whose benefit, and under whose authority the sale was made.
Considered as an undertaking to pay the trustees, therefore, it results they might not only have received payment, but may, moreover, resort to an action for damages on the failure to make payment. They most indisputably gained by the writing a legal right to the price for which the land was sold, and on general principles ought to be permitted to assert that right by an action in their own names.
Cases may no doubt be found, where, upon an obligation given to one and made payble to a stranger, it has been held that no action can be maintained in the name of the stranger; but those cases are clearly distinguishable from, and ought not to control the present case.
In those cases, the obligation did not appear to have been given to the agent of the person to whom payment was to be made, but was given to one, and made payable to a stranger, whereas in the present case, the covenant was given by Davies to the agent of the trustees, and made payable to the trustees; and according to the maxim, that, he who acts *543 by another is held to act by himself, must be equivalent to a covenant given, and payable to the trustees.
The breach of one independent subsequent covenant cannot be plead in bar to a suit bro’t to recover damages for th' breach of a precedent independent cov'nt.
After verdict & judgment, 'tis too late to object that pltf non-residents failed to give security for costs.
Bibb for appellant, Talbott for appellee.
Having disposed of the objections to the sufficiency of the declaration, we are led to examine the validity the plea, to which the plaintiffs in the court below demurred, and which was adjudged by that court to be invalid.
We concur with the decision of that court as to the invalidity of the plea.
It assumes for defence the failure and inability of the agent and trustees to convey the land; but as the price for which suit is brought was to be paid before the was to be made, it is clear that the performance of the covenant to convey is not a precedent condition to the payment of the price. At common law, therefore, the failure to convey could not have been pleaded to an action for the price; and as the covenant to convey, and not the actual performance of that covenant, forms the consideration of the covenant to pay the price, it is equally clear, under the law authorising the defendant by special plea to go into and impeach the consideration of writings, the appellant is not permitted to plead either the failure or inability to convey the land, as was held by this court in the case of Sanders against Beall’s ad’rs 4 Bibb 342.
And with respect to the courts refusal to set aside the verdict and dismiss the suit, it need only be remarked, that the application came too late to authorise the interposition of the court. For whilst the law properly guards the interest of the defendant, and that of the officers of the court, by requiring the non resident plaintiff to give bond and security for cost, it would be a palpable violation of the established rules of practice, to permit the defendant after verdict against him, for the first time, to urge the failure to give bond for cost, as a cause for overturning the verdict and dismissing the suit.
The judgment must be affirmed with cost and damages.